JUDGE BERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KATIE DANZIGER,

                        Plaintiff,

        - against –

EXTELL DEVELOPMENT COMPANY,
WB IMICO Lexington Fee, LLC, and
POLSINELLI SHUGHART, P.C. f/k/a
POLSINELLI SHALTON FLANIGAN
SUELTHAUS, P.C., as Escrow Agent,

                      Defendants.
-------------------------------------------------------x

**09 CIV 8661**

COMPLAINT

2009 Cv. _____ (  )

Jury Trial Demanded

RECEIVED
OCT 13 2009
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, Katie Danziger, ("Danziger") by her attorneys Balber Pickard Maldonado & Van Der Tuin, PC, as and for her complaint against EXTELL DEVELOPMENT COMPANY, WB IMICO Lexington Fee, LLC and POLSINELLI SHUGHART, P.C., as Escrow Agent, alleges as follows:

      1.     This is an action pursuant to the Interstate Land Sales Full Disclosure Act, (the "Act"), 15 USC §1701 *et seq*, for declaratory, injunctive and monetary relief upholding plaintiff's revocation of her contract to purchase a condominium unit in defendants' development and requiring refund of her contract deposit because of defendants' failure to comply with the Act.   Legal fees, pursuant to the Act, and related state law remedies are also sought.

      2.     Plaintiff is entitled to the relief sought because defendant developers engaged in a scheme and course of conduct to avoid fully complying with their statutory obligations under the Act while misleading potential purchasers, including Plaintiff, as to the existence or nature of their rights under the Act.

### Jurisdiction and Venue

3.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331

(federal question) and 15 U.S.C. §1719 (jurisdiction of claims under the Act).   This

Court has supplemental jurisdiction of state law claims in this action under 28 U.S.C.

§1367 (claims so related to claims in the action within original jurisdiction of the court

that they form part of the same case or controversy.)

4.    Venue is proper in this district under 28 U.S.C. §§1391 and 1719 because

one or more of the defendants have their offices in this district and transact business in

this district and because the offer and sale at issue took place in this district.

### The Parties

5.    Katie Danziger ("Danziger", "Purchaser" or "Plaintiff") is a natural person

with a residence at 133 East 64th Street, New York, New York.

6.    Upon information and belief, defendant WB IMICO Lexington Fee, LLC,

("Lexington Fee") is a limited liability company organized under the laws of the State of

Delaware, with its principal office c/o Extell Development Company at 805 Third

Avenue, New York, New York.

7.    Upon information and belief, defendant Extell Development Company

("Extell") is a d/b/a whose owners are not known to Plaintiff and that is the controlling

member or manager and agent of defendant Lexington Fee.  Extell has an office at 805

Third Avenue, New York, New York.

8.    Upon information and belief, defendant Polsinelli Shughart, P.C., f/k/a

Polsinelli Shalton Flanigan Suelthaus, P.C., as Escrow Agent, ("Polsinelli") is a

professional corporation of attorneys organized under the laws of the State of Missouri,

registered to do business in the State of New York, with an office at 7 Penn Plaza, New York, New York. Polsinelli is designated as the escrow agent in the agreement between Danziger and Lexington Fee to hold Danziger's contract deposit in the amount of $1,260,172.35, (the "Deposit"), as more fully described below. No wrongdoing is alleged against Polsinelli, nor is any separate remedy sought against Polsinelli. Polsinelli is made a party defendant solely to bind it to any order or judgment of this Court pertaining to the Deposit.

### Introduction

The Interstate Land Sales Full Disclosure Act

9.     The Act, at 15 U.S.C. §1703, imposes substantial disclosure requirements on the sale of real estate lots in interstate commerce, prohibits certain conduct and grants significant rights and remedies to purchasers. It prohibits, *inter alia*,:

(i)     at §1703(a)(1)(A), sales unless a "Statement of Record" is in effect in accordance with §1706;

(ii)    at §1703(b)(1)(B), sales unless a "Property Report" meeting the requirements of §1707 has been furnished to the purchaser in advance of signing of a purchase contract;

(iii)   at §1703(a)(1)(C), sales if any part of the Statement of Record or Property Report contains any material untrue fact, or omits any material fact required to be stated pursuant to §§1704-1707 of the Act or any regulation thereunder;

(iv)    at §1703(a)(1)(D), display or use of advertising or promotional material inconsistent with the information required to be disclosed in the Property Report;

(v)     at §1703(a)(2)(A), use of any device, scheme or artifice to defraud;

3

(vi)    at §1703(a)(2)(B), obtaining money or property by means of any untrue statement of material fact, or any omission to state a material fact;

(vii)    at §1703(a)(2)(C), engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon a purchaser.

10.    The Act, at §1704, requires the Statement of Record to be filed with the Secretary of the Department of Housing and Urban Development and to be made available to the public.

11.    The Act, at §1705, sets forth detailed information that must be included in the Statement of Record, including such other information as the Secretary may require, and at §1706(c), requires the Statement of Record to be amended whenever there is a change in any material fact required to be included in the Statement of Record.

12.    The Act, at §1707, requires the Property Report to contain such of the material in the Statement of Record and amendments thereto, as is required by the Secretary and such other material as may be required by the Secretary.

13.    The Act, at §1708, provides a process by which a State may seek certification from the Secretary that the disclosure required under State laws and regulations for sales of lots, and filings made pursuant to such State laws by those selling lots, may be substituted for the requirements of the Act.   New York State's laws and regulations have not been so-certified.

14.    The Act, at §1703(b) provides that any agreement for the sale of a lot subject to the Act may be revoked by the purchaser for seven days after it is signed and that the agreement must clearly provide this right.

4

15.    The Act, at §1703(c), provides that any agreement for the sale of a lot for which a Property Report is required by the Act may be revoked by the purchaser for up to two years after it is signed if the Property Report was not given to the Purchaser in advance of signing the agreement and that the agreement must clearly provide this right.

16.    The Act, at §1703(e), provides that upon revocation of the purchase agreement by the Purchaser pursuant to subsections 1703(b-d) all monies paid by the Purchaser must be refunded.

17.    The Act, at §1709, provides that a purchaser may bring a civil action at law or in equity to enforce any right under §1703 of the Act and may also recover reasonable attorneys fees and costs.   §1711 provides that any such action may be brought within three years of the signing of the purchase agreement.

18.    Lexington Fee is the "developer", within the meaning of 15 U.S.C. §1701(5), of "The Lucida", a newly-constructed condominium building of approximately 112 condominium units located on the Upper East Side of Manhattan.

19.    Extell is also the "developer" of the Lucida, or the "agent" of developer Lexington Fee in the sale of units in the Lucida, within the meaning of 15 U.S.C. §1701(6).

20.    The Lucida is a "common promotional Plan" and the Unit is a "lot" within the meaning of 15 U.S.C. §1701(4) subject to the prohibitions and requirements of the Act unless it is exempt from the Act pursuant to §1702(a)(2) by reason, *inter alia*, of a contractual obligation of the developer to the purchaser to erect The Lucida within two years.

Defendants' Violation of the Act

21.     By "Option Agreement" dated as of July 2, 2007, between Plaintiff and Lexington Fee, Plaintiff agreed to purchase condominium unit 18DE (since redesignated Unit 18D) (the "Unit") in The Lucida, which building had not yet been constructed.

22.     Plaintiff paid Lexington Fee the Deposit of $1,260,172.35 (the "Deposit") to be held in escrow by defendant Polsinelli, pursuant to the Option Agreement for the Unit.

23.     In connection with the sale of units to purchasers, including Plaintiff, Defendants engaged in a course of conduct that violated specific requirements of the Act and that had the purpose and effect of misleading purchasers, including Plaintiff, as to whether the offering of units in The Lucida was subject to the Act and as to whether Plaintiff was entitled to the benefit of the disclosure and purchase-revocation rights granted by the Act.

(a)     The state-law condominium Offering Plan, given to Plaintiff at or before execution of the Option Agreement and incorporated by reference in the Option Agreement, includes a promise at page 21 that is ambiguous in scope and unclear as to whether it qualifies The Lucida for exemption from the Act pursuant to §1702(a)(2):

> "...it is anticipated...the [Units] will be substantially completed by November 1, 2008 and a first Temporary Certificate of Occupancy with respect to portions of the Building will be obtained on or about November 1, 2008 both subject to Unavoidable Delays. Sponsor does not, however, warrant or guarantee the foregoing completion or occupancy dated for the Building due to Unavoidable Delays."

(b)     Plaintiff was given a draft or incomplete Property Report at or before the time she executed the Option Agreement, but the draft Property Report did not contain, *inter alia*, the listing and calculation of costs for which she would be obligated in

6

connection with the purchase of the Unit, nor was it executed on behalf of the Developer,

both of which are required by the Act, §1707(a) and 24 C.F.R §1710.117.

   (c)  Upon information and belief, Defendants' sales and marketing

materials, state-law condominium conversion offering plan and other advertising for The

Lucida failed to include the disclaimer statement required by the Secretary, 24 C.F.R.

§1715.50:

> Obtain the Property Report required by Federal law and read it
> before signing anything.  No Federal agency has judged the merits or
> value, if any, of this property.

   (d)  The Option Agreement executed by Lexington Fee and Plaintiff

was equivocal, ambiguous and misleading as to whether The Lucida was subject to the

Act or exempt from the Act and failed to "clearly provide" Plaintiff's right to revoke the

Option Agreement for seven days after execution as provided in §1703(b) or for two

years as provided in §1703(c).  The Option Agreement stated:

> 43.  INTERSTATE LAND SALES.  THE FOLLOWING PROVISION IS
> DEEMED INCORPORATED *ONLY SO LONG AS THE PROPERTY IS
> NOT EXEMPT* FROM THE PROVISIONS OF THE INTERSTATE
> LAND SALES FULL DISCLOSURE ACT 15 USC §§1701 ET SEQ.
>
> YOU HAVE THE OPTION TO CANCEL YOUR CONTRACT
> OR AGREEMENT OF SALE BY NOTICE TO THE SPONSOR UNTIL
> MIDNIGHT OF THE SEVENTH DAY FOLLOWING THE SIGNING
> OF THE CONTRACT OR AGREEMENT.
>
> *IF YOU DID NOT RECEIVE A PROPERTY REPORT PREPARED
> PURSUANT TO THE REGULATIONS OF THE OFFICE OF
> INTERSTATE LAND SALES REGULATIONS, U.S. DEPARTMENT OF
> HOUSING AND URBAN DEVELOPMENT,* IN ADVANCE OF YOUR
> SIGNING THE CONTRACT OR AGREEMENT, THE CONTRACT OR
> AGREEMENT MAY BE CANCELLED AT YOUR OPTION FOR TWO
> YEARS FROM THE DATE OF SIGNING.

(Emphasis added.)

Nowhere in Defendants' form of Option Agreement or marketing or offering materials is it clarified or clearly stated whether sale of units in The Lucida is subject to the Act or exempt, or whether Plaintiff or other purchasers have any rights under the Act, including contract revocation rights.

24.     Upon information and belief, Defendants filed an initial Statement of Record with the Secretary for The Lucida, but said Statement was both materially incomplete when filed and became further incomplete and misleading by reason of failure to file amendments reflecting changes in material facts, including changes in the identity of the Developer and changes in the terms of the Declaration of Condominium, common elements and common charges, all of which are "material" within the meaning of 24 C.F.R. §§1710.22 and 1710.23, occuring after the initial filing, as required by §§1705 and 1706(c) of the Act and the regulations of the Secretary.

25.     The Developers failed to substantially complete The Lucida and obtain a temporary certificate of occupancy for any Units by November 1, 2008.

26.     Plaintiff revoked the Option Agreement by notice dated September 16, 2009, and demanded return of the Deposit. The Deposit has not been returned.

27.     By notice in response, defendant Extell has purported to declare Plaintiff in default under the Option Agreement.

**First Cause of Action**
**(Revocation of Option Agreement, Return**
**Of Deposit and Legal FeesPursuant to §§1703(b),**
**1703(e) and 1709(c))**

28.     Plaintiff incorporates the allegations set forth in paragraphs 1- 27.

8

29.     The Option Agreement fails to "clearly provide" Plaintiff's right pursuant to §1703(b) of the Act to revoke the Option Agreement for seven days after its signing.

30.     The aforementioned failure to comply with §1703(b) tolled Plaintiffs' seven-day revocation period or bars Defendants from enforcing the Option Agreement.

31.     Plaintiff duly revoked the Option Agreement by notice dated September 16, 2009.

32.     Plaintiff is entitled to judgment pursuant to §1703(e) ordering defendants Lexington Fee and  Polsinelli, as Escrow Agent, to return the Deposit to Plaintiff, including all interest accrued thereupon since the time of the initial deposit.

33.     Plaintiff is entitled to judgment pursuant to §1709(c) against defendants Lexington Fee and Extell for her reasonable attorneys fees and all costs of this action.


**Second Cause of Action**
**(Revocation of Option Agreement, Return**
**Of Deposit and Legal FeesPursuant to §§1703(c),**
**1703(e) and 1709(c))**

34.     Plaintiff incorporates the allegations set forth in paragraphs 1- 33.

35.     Defendants failed to give Plaintiff a Property Report that complied with the requirements of the Act, including but not limited to the failure of the purported Property Report to either include the costs for which Plaintiff would be obligated to close the purchase of the Unit and the failure of any senior executive of the Developer to execute the purported Property Report.

36.     The Option Agreement fails to "clearly provide" Plaintiff's right pursuant to §1703(c) of the Act to revoke the Option Agreement for a period of two years after it is

9

executed where a Property Report complying with the Act was not given to Plaintiff prior to her execution of the Option Agreement.

37.    The aforementioned failure to comply with §1703(c) tolled Plaintiffs' two-year revocation period or bars Defendants from enforcing the Option Agreement.

38.    Plaintiff duly revoked the Option Agreement by notice dated September 16, 2009.

39.    Plaintiff is entitled to judgment pursuant to §1703(e) ordering defendants Lexington Fee and Polsinelli, as Escrow Agent, to return the Deposit to Plaintiff, including all interest accrued thereupon since the time of the initial deposit.

40.    Plaintiff is entitled to judgment pursuant to §1709(c) against defendants Lexington Fee and Extell for her reasonable attorneys fees and all costs of this action.

### Third Cause of Action
**(Rescission of Option Agreement, Return
Of Deposit and Legal Fees pursuant
To §1703(a)(2) and 1709)**

41.    Plaintiff incorporates the allegations set forth in paragraphs 1- 40.

42.    With respect to the sale of the Unit to Plaintiff, Defendants Lexington Fee and Extell,

(i)    employed a device, scheme and artifice to defraud Plaintiff in violation of §1703(a)(2)(A),

(ii)    obtained money, to wit the Deposit, from Plaintiff by means of omitting to state material facts necessary to make the statements made not misleading in violation of §1703(a)(2)(B), and

(iii)    engaged in a transaction, practice, and course of business that would operate as a fraud upon purchasers, including Plaintiff, in violation of §1703(a)(2)(C)

43.    Defendants' did so by the acts, omissions and conduct set forth at ¶¶23-25, *supra.*

44.    By reason of these acts, omissions and conduct, Defendants sought to and did dissuade, distract and conceal from purchasers, including Plaintiff, their rights under the Act, including the rights to a full and complete Property Report and rights of revocation of purchase agreements.

45.    Defendants' wrongful acts, omissions and conduct were willful and intentional and intended to avoid the Act and conceal from Plaintiff her rights under the Act.

46.    Plaintiff is entitled to judgment pursuant to §1709(a) declaring that she has validly rescinded the Option Agreement and that defendants Lexington Fee and Polsinelli, as Escrow Agent, are obligated to return to Plaintiff the Deposit, including all interest accrued thereupon since the time of the initial deposit.

47.    Plaintiff is entitled to judgment pursuant to §1709(c) against defendants Lexington Fee and Extell for her reasonable attorneys fees and all costs of this action.

**Fourth Cause of Action**
**(Injunction and Legal Fees for**
**Violation of §349 of New York's General**
**Business Law)**

48.    Plaintiff incorporates the allegations set forth in paragraphs 1- 47.

11

49.    Defendants' acts, omissions and conduct set forth at ¶¶23-25, *supra* are deceptive acts or practices in the conduct of business, trade or commerce declared to be unlawful pursuant to §349 of New York's General Business Law.

50.    Defendants' deceptive acts and practices injure Plaintiff and other consumers who have contracted to purchase or who may contract to purchase Units in The Lucida by reason of depriving purchasers of their contract revocation rights under the federal Act.

51.    Pursuant to §349(h), Plaintiff is entitled to an injunction barring Defendants from enforcing the Option Agreement, or the option agreement of any other person for purchase of a Unit in The Lucida and from declaring any purchaser in default of an Option Agreement unless and until said purchaser has been given (i) a Property Report that is complete and complies with the Act, including the requirements to list the costs for which the Purchaser will be liable to close and to be executed by a senior executive of Defendants and (ii) a clear statement of Purchaser's right to revoke the Option Agreement for a period of seven days after the compliant Property Report has been delivered.

52.    Pursuant to §349(h), Plaintiff is also entitled to judgment for her reasonable attorneys fees in this action.

### Demand for Jury Trial

53.    Danziger demands a jury trial of all issues so triable.

WHEREFORE, Danziger respectfully demands judgment:

(i)    On her First Cause of Action, pursuant to §1703(e) ordering defendants Lexington Fee and Polsinelli, as Escrow Agent, to return the Deposit to Plaintiff,

including all interest accrued thereupon since the time of the initial deposit and pursuant

to §1709(c) against defendants Lexington Fee and Extell for her reasonable attorneys fees

and all costs of this action;

   (ii)    On her Second Cause of Action, pursuant to §1703(e) ordering defendants

Lexington Fee and  Polsinelli, as Escrow Agent, to return the Deposit to Plaintiff,

including all interest accrued thereupon since the time of the initial deposit and pursuant

to §1709(c) against defendants Lexington Fee and Extell for her reasonable attorneys fees

and all costs of this action;

   (iii)    On her Third Cause of Action, pursuant to §1709(a)  declaring that she has

validly rescinded the Option Agreement and that defendants Lexington Fee and

Polsinelli, as Escrow Agent, must return her Deposit, including all interest accrued

thereupon since the time of the initial deposit, and pursuant to §1709(c) against

defendants Lexington Fee and Extell for her reasonable attorneys fees and all costs of this

action;

   (iv)    On her Fourth Cause of Action, pursuant to §349(h) of the General

Business Law of the State of New York, for an injunction barring Defendants from

enforcing any Option Agreement for purchase of a Unit in The Lucida and from declaring

any purchaser in default of an Option Agreement unless and until said purchaser has been

given (i) a Property Report that is complete and complies with the Act, including the

requirements to list the costs for which the Purchaser will be liable to close and to be

executed by a senior executive of Defendants and (ii) a clear statement of Purchaser's

right to revoke the Option Agreement for a period of seven days after the compliant

Property Report has been delivered, and for her reasonable attorneys fees in this action.

All together with such other legal and equitable relief, interest and costs to which

Plaintiff may be entitled.

Dated: October 5,  2009
       New York, New York

                                  BALBER PICKARD MALDONADO &
                                  VAN DER TUIN, PC
                                  Attorneys for Plaintiff

                                By: _____

                                  John Van Der Tuin (JV-6625)
                                1370 Avenue of the Americas
                                New York, New York  10019
                                212-246-2400